May it please the Court, Counsel, Dan Maloney, Federal Defender's Office, Reno, Nevada, on behalf of Appellant Mr. Hernandez-Caudillo. The issue in this case is whether the District Court acted properly in considering facts surrounding the Nevada conviction for conspiracy to commit murder in sentencing Mr. Hernandez-Caudillo in this case. So, what is the problem? Why can't the Court use those facts? And in particular, the facts that we are concerned about is the fact that the young man, Octavio Martinez, I believe, was tragically killed, the fact that Mr. Caudillo provided the weapon that was used, and the fact that he was present at the time that the homicide occurred. Those facts can't be used because Mr. Hernandez-Caudillo entered a plea of guilty to the Nevada conspiracy to commit murder with a deadly weapon statute. That statute requires only an agreement. There is no requirement of any overt act in that statute. Essentially, in that case, beat that guy, let's kill Bill, that is a conspiracy to commit murder within the State of Nevada. So there is no factual finding on the elements of those, the elements of the offense is just the agreement. In the way I read the record, at least publicly, where I've gone wrong, but the District Court agrees upon that, and did not include the Nevada conviction for purposes of calculating the guidelines since. But then, indeed, you said in his expression, under 3553A, he does believe that the guidelines calculations didn't adequately cover your client's background in history. He's entitled to do it, isn't he? Our position is no. He's not entitled to use those facts. He's not entitled to use those facts. What was your best support for that position? The best support position, the initial position comes from cases like Taylor and Shepard, where the prior conviction establishes merely the elements of the offense, it doesn't establish any additional facts. Shepard and Shepard is an ACCA case. Correct. Do you have any authority that a court can't consider this evidence in the discretion of the 3553A? My recollection is, in our circuit, is it that you can consider even facts in which your client might have been acquitted? No. The first answer to your question is no, I don't have any direct authority on that point. Let me just go back on that, because when we're trying to get a foundation for how to evaluate your claim, and I look at Shepard and Apprendi, and they're talking about situations where you're going beyond the statutory maximum. So, obviously, they're set out in a particular statutory construct. We don't have that going on here, correct? We don't have an excessive statutory maximum. Again, that's correct, Your Honor. So then your argument, as I take it, is that it's just – it has to be one of two things, it seems to me, to fit into some kind of legally available argument. Either one, that it's simply unfair in some way in evaluating the 3553, or that it becomes unreasonable in some way. So are you making either of those arguments, and which of those? Again, the unfairness argument would be the due process argument. It's our position that under Custis and cases like that, in particular, defendant is not entitled to bring in additional facts. So acquitted conduct, then, would be the following. Acquitted conduct is a guideline rule. It's, I think, 1B1.3.  The judge is certainly entitled to bring in additional facts about the unlawful departure or unlawful entry case. That was the case at issue. I am not aware of any authority, and this is the case where we're talking about that, that acquitted conduct, relevant conduct, foreseeable consequences, all of those part of that rule, apply in the context of prior state convictions also. And if the rule is that both parties are entitled to bring in any facts, augment, mitigate, contradict prior state convictions, then our concerns are addressed. Our position is that that's not the rule. But is there anything that the judge could be putting on any evidence with respect to, not you, but your client, putting on any evidence with respect to prior state convictions? Our position is Custis does that. Custis says that we can't relitigate the facts of that conviction. We can't come in and say, hey, you know what, we had a duress defense, and we gave that up because all things considered, that's what he wants to do. So that's our position. And then the other position is there still is a reliability factor in all of this. The reliability factor is the state court determination. The state court had an opportunity to investigate. They had an opportunity for their executive branch to prosecute. They had an opportunity for their judicial branch. And the decision that they made in this case was that it is an agreement and agreement only. And we are stuck with that. And to follow up what I think the court's concerns, where do we plug this in, we plug this in either effectively what happened in this case, it was an incorrect guideline recommendation or incorrect guideline calculation. What the court did is say, you know what, I know the guidelines are here, but I'm going to follow the recommendation of the probation office and put them up here because I really think that was a felony murder case, even though I ruled it wasn't a crime of violence. I'm not sure I quite said that. I mean, aren't judges permitted to say, look, here's the guideline situation, so that's my baseline. I look at everything to do with this particular defendant. I look at the facts. I look at his background. And in my view, when we take into account why we do sentencing and all the various factors, the sentence in that range is, as he put it, woefully inadequate. If the judge isn't able to do that, then he also can't do the reverse, which is to say that it woefully overstates what might be appropriate here. So I'm having a little trouble understanding how he could have made a legal error. So that's number one. The woefully inadequate determination. And our position would be weakened if he hadn't said, you know what, I'm just going to accept the recommendation that says this is the proper guidelines. The other one is that these are erroneous facts. You can't sentence under erroneous facts. That's one of the procedural errors under, I think it's Gaul and in the Ninth Circuit, Cardi that says if you use erroneous facts, that's a procedural error, and the case has to go back for resentencing. So that's where we target those. That's where we fit those in under the situation in which we have. And really those are the three main points that I wanted to make. Elements, elements only. State court is reliability determination. Due process would require both parties to be able to re-litigate and acquit, I guess, four points. And acquitted conduct is a guideline rule. Counsel, what specific facts are you contending are erroneous? Not necessarily erroneous, but we're considering they're not available for the court. Number one would be the fact that the young man was tragically killed as a result of the conspiracy. My client pleaded only to an agreement. There's no legal liability for the death in that case. Number two, the fact that he provided the weapon for that. That's part of a dismissed count, and it was with two others. There's no actual allegation there that he personally provided the weapon. The allegation is that he went. And acquitted conduct is a guideline rule. It's not a rule for prior state court convictions. And number three, that he was present at the scene when the young man was murdered. I don't even know where that comes from. I don't think that's an allegation that's in this case. So those three facts, Your Honor. Do you want to reserve your remainder? Yes, thank you. Good morning. May it please the Court. Elizabeth Olsen on behalf of the United States. The district court in this case calculated the advisory guideline range to be 33 to 41 months, as the defendant had requested, and then exercised its discretion under Booker and in consideration of the 3553A factors to impose a non-guideline sentence of 78 months. Now, the only question before this court is whether the district court abused its discretion in imposing that non-guideline sentence. There are also some other interesting legal issues in this case that the government brought up in its brief, but none of those, the court doesn't have to answer any of those to address this because the district court clearly adopted an advisory guideline range of 33 to 41 months. The defendant doesn't challenge that. So we're really in the realm of pure reasonableness. I mean, it doesn't challenge that range of 33 to 41. So we're in the realm of reasonableness review. The defendant's contention. Counsel? Yes. Counsel, doesn't the judge have to find that these facts are probably true before he can rely on them? What findings did he make? Absolutely, Your Honor. And, in fact, the defendant in the district court was arguing that the judge couldn't properly take these into account. But they're really undisputed facts. I mean, there's no actual dispute. If you read the documents, he was indicted on conspiracy to commit murder with a deadly weapon, from which Octavia Martinez was shot, mortally wounded, and died. In his change of plea hearing, that was what was read to him, and that was what he agreed the government could prove. Now, it's true that under conspiracy, because he pleaded guilty to the conspiracy under Nevada law, that element of the overt act wasn't a requirement. And so that's why the district court, in our view, erroneously decided that this wasn't a crime of violence under the guidelines definition. But in all of the state court documents, this defendant was a member of the CBC street gang. He and two of his fellow gang members pursued Octavia Martinez down the street, shot him in the back, and he died. And that is essentially undisputed. Now, what the defendant seems to be saying is that somehow, because the crime doesn't constitute a crime of violence under the guidelines, the district court has somehow prohibited, under the 3553A factors, from considering the actual offense conduct underlying that conviction. And that contention is just simply incorrect, not only under Booker and Cardi and Zavala and all of that line of cases, but under federal statute. 1836.61 says no limitation shall be placed on what the district court can accept and consider. I'm sorry, Your Honor, did you have a question? I think I heard your answer. Thank you. And so this idea that even though, I mean, what the district court does, and this was, in fact, the compromise of Booker, right? I mean, this was the rule that says first the court properly calculates the guidelines. But in acknowledging that that guideline calculation is sometimes mechanical, it's sometimes a little procedurally detailed, and you come up with something that in most cases is going to make sense, but in some cases, because of the technical nature of the guidelines calculation, the district court needs to consider that, but then can also consider a broad range of other things and can decide whether in this particular case that range that the court has calculated is appropriate or not appropriate. And in this case, the district court found it woefully inadequate. I don't know if the court ñ the one other point, I don't know if the court wanted to talk about whether conspiracy is a crime of violence under the guidelines. It's sort of an odd situation with the government's position, and if we were to determine that the guidelines were incorrectly calculated, would we need to revamp? I don't think so. I'm actually saying that you don't need to get to that question at all because it seems to me that this is a pure abuse of discretion standard. The argument that we were making, you know, we do believe that conspiracy, that generic conspiracy, which is what you compare a statute to under the Taylor analysis, that generic conspiracy does not require an overt act. And so the argument that we were making in the last two sections of our brief was really just another basis on which this court could conclude that the ultimate sentence of 78 months was a reasonable sentence. If this court were to reach that question and conclude that the district court was wrong and that the guideline range should have been 77 to 96 months, it could do one of two things. Obviously, it could remand to the district court, but given the reading of the record, I mean, it's very clear that what the district court was doing here was doing under 3553A what it thought it wasn't able to do under the pure guidelines calculation. And so this court, I mean, this might actually be the case where the guidelines error is harmless because the guideline error worked to the defendant's favor and the ultimate sentence imposed. It didn't exactly work to his favor because the judge basically doubles it, gives him what you think was within the guideline range. Yes. We're thinking about how the judge is supposed to think, which is what is the actual guideline range. The judge is taking it down at this lower end, and then he's really pumping it up. So then the question becomes, well, is that reasonable in these circumstances? Because that's a huge, essentially doubling of what might be the guideline range. I think that this court, I think what the district court was doing, and we're still sort of in this new, I mean, Booker wasn't that long ago, and we're still sort of adjusting. I think if you remember, back when the guidelines were mandatory, the district court could depart, right, and the district court had discretion to depart, but in determining the extent of the departure, that was reviewed for reasonableness. And what this court said in the whole line of cases is that when the district court departs, what it should do is analogize. It should find a guideline that sort of analogizes to the reason for the departure and to determine what kind of extent of departure would be reasonable. And I think that's entirely what the district court did here. He said under the defendant's argument about the guideline range and his ultimate decision, that the guideline range was that that offense was not a crime of violence, then he looked at the real conduct. He said this guideline range is woefully inadequate, in part because this defendant and his two gang buddies conspired to murder someone and did. I mean, the conspiracy was successful. The 19-year-old victim was shot in the back and killed. And the district court said on a couple of cases, in all of the illegal reentry cases that I've sentenced, most of which have crimes of violence attached to them, this is the most violent. I mean, even though this one technically doesn't warrant that 16-level bump, this is the most violent offense, prior offense, that I've seen in all of my years of doing this. And so I think analogizing to what the range would have been had it been a crime of violence is exactly the kind of analogy that courts used to do in determining the extent of the mandatory offense. Counsel, because there was such a substantial increase, did the facts have to be established by clear and convincing evidence? That's actually the clear and convincing evidence rule is a rule that this court has adopted for calculating a guideline range. In the post-Booker world, so long as the sentence is within the statutory maximum of the offense of conviction, I think that the general sentencing of preponderance, I mean, that's an interesting question. I don't think that this court has extended that beyond the guideline calculation range and into the sort of general 3553A sentencing range. On the other hand, I would just say that, I mean, like I say, if you look at all of these state documents, the facts of what happened was essentially undisputed. The defendant admitted that the government could prove that he and his friends conspired to murder Octavia Martinez and that Octavia Martinez was mortally wounded as a result of that. So I think in terms of what the court can take into account, there's the facts that can be taken into account in doing that categorical Taylor analysis about whether there's a missing element or not. But when you look at the indictment, the plea agreement, and the plea colloquy, it's very clear that what actually happened was essentially undisputed. Thank you. We have a little bit of time left for rebuttal. Thank you. One point on to the reliability of the facts and the facts that we say should not have been used. Count two of the indictment, a dismissed count, a count that actually charged the actual murder, reading from part of that, that Joseph Stewart, Luis Zambrano, Raheel Ramon, Gomez, Sergio Hernandez, and Ian Kirkpatrick entered the vehicle of Joseph Stewart, did travel in and around the Reno Sparks area and Joseph Stewart's Jeep Cherokee for the purpose of locating members of the rival gang, and that those defendants then went ahead and were the people who fired the actual shot. The point of that is that my client is not named there. My client is Francisco Hernandez. And so that fact is questionable. And then for the reasons we talked about, the other facts would not be available. And those really were the facts driving the train. In this case, that's our position. Thank you. Thank you both for your argument this morning. The United States versus Hernandez-Carrillo.
judges: Fletcher, McKeown, Gorsuch